**Law Offices of Donald W. Hudspeth, P.C.**
Brian K. Stanley, of counsel (SBN 004619)
Janae Perry-Meier (SBN 031519)
3200 N. Central Avenue, Suite 2500
Phoenix, Arizona 85012
602-265-7997
Court@AzBusLaw.Com

Attorneys for Plaintiff

# United States District Court
## District of Arizona

eUnify, Inc., an Arizona corporation,

Plaintiff,

*vs.*

iColligo, LLC, an Arizona limited liability company,

Defendant.

No. ______________

**COMPLAINT**

**and Demand for Jury Trial**

COMES NOW eUnify, Inc., an Arizona corporation, by and through its counsel undersigned, as and for its causes of action alleging:

## I. NATURE OF THE ACTION

1. Plaintiff eUnify, Inc. ("eUnify") creates, maintains and supports computer software to be marketed as Software-as-a-Service ("SaaS"). eUnify created and owns the intellectual rights to a unique computer program, or SaaS application, named "Internet Collections System," (hereinafter, "ICS") designed and used especially to provide comprehensive support and facilitation of accounts receivable management of, by and/or for homeowners' associations. eUnify

derives significant revenue from the licensing of ICS to an enterprise or enterprises which in turn market the software, or rather the use of it as SaaS, primarily to homeowners' associations ("HOA(s)"), HOA managers or management companies and law firms and collection companies representing HOAs.

2. This action concerns the ownership of intellectual property rights in and to ICS, and in particular eUnify's claim that, as the author and creator of the computer source code and object code of which ICS consists, it owns the copyright of and in such code. eUnify seeks a declaratory judgment and permanent injunction protecting its claimed rights.

## II. PARTIES

3. eUnify, Inc. is an Arizona corporation engaged in the business of software development and engineering, having its principal place of business in Gilbert, Maricopa County, Arizona.

4. iColligo, LLC is an Arizona limited liability company having its principal place of business in Gilbert, Maricopa County, Arizona.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims relating to the Copyright Act (17 U.S.C. §§ 101, 501) pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents and trademarks).

6. This Court has subject matter jurisdiction over the declaratory judgment claim under 28 U.S.C. § 2201.

7. Venue in the District of Arizona is proper under 28 U.S.C. § 1391 (b)(1), (2) and (3).

## IV. GENERAL ALLEGATIONS

8. The creation and maintenance of ICS was performed entirely by software engineers employed by or contracted to eUnify. Each and all of said software engineers worked under the instructions of eUnify's management, were compensated for such work by eUnify, and had a written agreement with eUnify under which all intellectual property rights in software or code created or written by the software engineer for eUnify or under eUnify's direction was retained by or assigned to eUnify.

9. eUnify began developing ICS in 2007.

10. Defendant iColligo, LLC ("iColligo") was formed in April of 2008.

11. iColligo began using, or rather marketing the use of, an earlier version of ICS on or about March 1, 2008.

12. iColligo compensated eUnify for the use of ICS or earlier versions of ICS and for additional software development or enhancements made to ICS and earlier versions of ICS from 2008 to September 30, 2016.

13. eUnify was not an "employee" of iColligo within the meaning of 17 U.S.C. § 101 and there was no express agreement, written or oral, between eUnify and iColligo concerning such creation or development or concerning intellectual property rights in the software being created or developed.

14. Prior to September 30, 2016, eUnify permitted and facilitated access to and use of ICS, as SaaS, by iColligo and its customers. As of September 30, 2016, iColligo failed or refused to continue to pay reasonable and customary compensation to eUnify for its support of ICS and facilitation of iColligo's use of ICS; and, as a result, eUnify ceased permitting or facilitating access to or use of ICS by iColligo or its customers.

15. eUnify claims that it is the owner of the intellectual property rights in and to ICS, as the creator and author of the software source code and object code of which ICS consists, and that ICS is not a "work made for hire" within the meaning of 17 U.S.C. § 101, notwithstanding that certain developments or enhancements to ICS were sought or commissioned (but not created or authored) by iColligo and iColligo compensated eUnify for such developments or enhancements.

16. eUnify has complied with the provisions of 17 U.S.C. §§ 408 and 409 and regulations thereunder of the Register of Copyrights, has registered its claim of copyright in and to ICS and has obtained from said Register, pursuant to 17 U.S.C. § 410, Certificate of Registration No. TX 8-307-153, a true and correct copy of which is attached as Exhibit A hereto.

## V. COUNT ONE: DECLARATORY JUDGMENT

17. iColligo claims ownership of intellectual property rights, including copyright, in and to ICS, in direct contravention of eUnify's registered claim described in Paragraph 16 above.

18. The conflicting claims of eUnify and iColligo described in Paragraph 17 above constitute an actual and justiciable controversy.

19. eUnify is entitled to the judgment and decree of this Court adjudging and declaring that eUnify is the creator and author of ICS within the meaning of the Copyright Act and is therefore the owner of copyright in and to ICS, to the exclusion of iColligo.

## VI. COUNT TWO: RESTRAINT OF COPYRIGHT INFRINGEMENT

20. The use of ICS on any computer system necessarily involves the creation of at least one copy of the ICS object code within the computer memory or storage devices, even though the existence of such copy may be evanescent.

21. iColligo threatens to use, to cause others to use, or to facilitate the use by others of ICS on computer systems by marketing the use of ICS as SaaS, and accordingly iColligo threatens to copy, cause others to copy or facilitate others' copying of ICS, in violation of eUnify's exclusive rights under 17 U.S.C. § 106 (1).

22. eUnify is entitled to a permanent injunction restraining iColligo, its officers, managers, members, agents, employees, representatives and all persons acting in concert with them from engaging in the threatened acts of copyright infringement described in Paragraph 21 above.

## VII. PRAYERS FOR RELIEF

WHEREFORE Plaintiff eUnify, Inc. prays the judgment and decree of this Court in its favor and against Defendant iColligo, LLC:

A. Adjudging and declaring that eUnify, Inc. is the creator and author of ICS within the meaning of the Copyright Act and is therefore the owner of copyright in and to ICS, to the exclusion of iColligo, LLC.

B. Permanently enjoining and restraining iColligo, its officers, managers, members, agents, employees, representatives and all persons acting in concert with them from using, causing others to use or to facilitating the use by others of ICS on any computer system by marketing the use of ICS as Software-as-a-Service.

C. For the taxable costs of suit incurred herein by eUnify, Inc.

D. For such other and further relief as to the Court seems just.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff eUnify, Inc. demands trial by jury of all issues so triable as of right and requests an advisory jury as to any other issues.

Dated: March 28, 2017.

Law Offices of Donald W. Hudspeth, P.C.

By: /s/Brian K. Stanley
Brian K. Stanley, of Counsel
*Attorneys for Plaintiff eUnify, Inc.*